

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2006

# Tsiklauri v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3332

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Tsiklauri v. Atty Gen USA" (2006). *2006 Decisions.* Paper 53.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/53

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3332
_____

AVTANDIL TSIKLAURI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A78 817 461)
Immigration Judge Charles M. Honeyman
_____

Submitted Under Third Circuit LAR 34.1(a)
December 11, 2006

Before:  FISHER and CHAGARES, *Circuit Judges*,
and BUCKWALTER,* *District Judge*.

(Filed December 21, 2006)
_____

OPINION OF THE COURT
_____

_____

*The Honorable Ronald L. Buckwalter, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

Avtandil Tsiklauri filed a petition for review from a denial of withholding of removal by the Immigration Judge ("IJ"), which was affirmed by the Board of Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition for review.

I.

As we write only for the parties, who are familiar with the factual context and the procedural history of the case, we will set forth only those facts necessary to our analysis.

Tsiklauri is a native and citizen of the Republic of Georgia. He arrived in the United States in July 1998 on a visitor's visa. After overstaying the visa and being placed in removal proceedings, Tsiklauri submitted an application for asylum. Tsiklauri sought asylum, withholding of removal, relief under the Convention Against Torture, and in the alternative, voluntary departure.

Tsiklauri's asylum application was based on his political activities as a supporter of Georgia's first president, Zviad Gamsakhurdia. Supporters of Gamsakhurdia, who died in 1993, are called Zviadists. Zviadists apparently were viewed as a threat to the government even after the death of their leader. Tsiklauri was arrested twice for his political activities, and was beaten and starved while in prison. After being released for the second time, Tsiklauri fled to the United States. In his application for asylum,

2

Tsiklauri stated that he would return to Georgia if the president of Georgia, Eduard Shevardnadze, was not reelected in 1999.[1]

Shortly before Tsiklauri's final removal hearing before the IJ in 2004, Shevardnadze, resigned and a new president, Mikheil Saakashvili, was elected. The government presented the IJ with three newspaper articles that described the election of the new president, and his relationship with Shevardnadze. Tsiklauri provided the IJ with an article from "internews" that described an attack on a popular television station in Georgia the week before the election, and a report on the election from EurasiaNet. He also testified that he heard from other Zviadists that the group opposed the new president.

The IJ denied all of Tsiklauri's requests for relief, except for voluntary departure. Tsiklauri only appeals the denial of withholding of removal. The IJ denied the withholding of removal on the basis of the changed circumstances in Georgia, even though Tsiklauri had proved past persecution, because Tsiklauri had failed to show it was likely that he would be persecuted under the new president. The BIA affirmed the IJ's decision in 2005.

## II.

We have jurisdiction over this petition for review pursuant to 8 U.S.C. § 1252(a)(1). *See Berishaj v. Ashcroft*, 378 F.3d 314, 322 (3d Cir. 2004). Because the

---

[1]At the hearing before the IJ, Tsiklauri explained that even though he had made that statement he was still afraid to return even with Shevardnadze no longer in power.

BIA adopted the IJ's decision, we review the IJ's decision to determine if there was substantial evidence to support the conclusion. *See Abdulai v. Ashcroft*, 239 F.3d 542, 549 n.2 (3d Cir. 2001). Substantial evidence means that there is more than "a mere scintilla [of evidence] and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Senathirajah v. INS*, 157 F.3d 210, 216 (3d Cir. 1998) (citation omitted).

Tsiklauri claims that the IJ's decision to deny withholding of removal was not supported by substantial evidence because the government failed to meet its burden of proving changed circumstances by a preponderance of the evidence. The Attorney General may not "remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding of removal, Tsiklauri had to prove that his life or freedom would be threatened if he returned to Georgia. *See* 8 C.F.R. § 208.16(b). In this case, Tsiklauri met this original burden because the IJ determined that he proved past persecution. *See* 8 C.F.R. § 208.16(b)(1)(i). A finding of past persecution creates a rebuttable presumption of future persecution, and the burden is placed on the government to rebut the presumption. *See* 8 C.F.R. § 208.16(b)(1)(ii). The presumption can be rebutted if the IJ finds by a preponderance of the evidence that "[t]here has been a fundamental change in circumstances such that the applicant's life or

4

freedom would not be threatened on account of any of the five grounds mentioned in this paragraph upon the applicant's removal to that country." 8 C.F.R. § 208.16(b)(1)(i)(A). The question on appeal is whether the government met its burden.

We find that the three articles presented by the government were sufficient to prove by a preponderance of the evidence that there had been a fundamental change in Georgia such that Tsiklauri's life or freedom would no longer be threatened.[2] The articles explained that a new president was elected in January 2004. The newly elected president, Saakashvili, led a bloodless revolution that overthrew Shevardnadze who had been in power for twelve years. *See*, *e.g.*, Peter Baker, *Opposition Leader Sweeps Georgia's Presidential Vote*, Wash. Post., Jan. 5, 2004, at A11; Seth Mydans, *With the Vote in Georgia, A Dynamic Young Leader and a New Era*, N.Y. Times, Jan. 5, 2004, at A3. Additionally, the articles noted that Saakashvili won more than eighty-five percent of the vote. Mydans, *With the Vote in Georgia, A Dynamic Young Leader and a New Era*, at A3. Most importantly, the articles explained that after Shevardnadze resigned in November 2003, the acting president replaced all of the country's governors and key ministers. Baker, *Opposition Leader Sweeps Georgia's Presidential Vote*, at A11. "Many allies of the old order have slipped away." *Id.*

---

[2] Tsiklauri points out on appeal that the copies of the articles presented to the IJ were actually cut-off and therefore missing words. After reviewing the copies of the articles that were provided to the IJ, we determine that the articles are still readable and the point of the articles is still clear.

5

We agree with the IJ and the BIA that this evidence was sufficient to rebut the presumption of future persecution by a preponderance of the evidence.[3] Although we recognize that every leadership change will not constitute changed circumstances, this was not a mere change of leadership. *See*, *e.g.*, *Waweru v. Gonzales*, 437 F.3d 199, 204-05 (1st Cir. 2006); *In re N-M-A*, 22 I. & N. Dec. 312, 320-21 (B.I.A. 1998). The forced resignation of Shevardnadze through a bloodless revolution followed by a democratic election is sufficient evidence of changed country conditions in this context. This is especially true in light of the fact that Tsiklauri's asylum application stated that he would consider returning if Shevardnadze was not reelected in 1999. The additional evidence provided by Tsiklauri regarding the bombing of the television station and that he was told that the Zviadists still had problems with the new government was not sufficient to prove the likelihood of future persecution. Therefore, we will deny the petition for review.

---

[3]The fact that the hearing before the IJ occurred only ten days after the election does not impact our decision. Although we recognize that this short period of time may not be sufficient in other contexts, we find the evidence was sufficient in this case. The articles demonstrated that changes in the government began to occur immediately after Shevardnadze was forced to resign as key ministers and governors were replaced. We note that we are limited to the record and therefore cannot consider any subsequent changes since the time of the hearing before the IJ. *See Berishaj*, 378 F.3d at 330-31.